UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN C. MILLER,<br><br>                          Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; MTC FINANCIAL dba TRUSTEE CORPS.; and DOES 1 through 100, inclusive,<br><br>                         Defendants. | Case No.: 15cv02701 AJB (MDD)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO DISMISS**<br><br>**(Doc. Nos. 15, 17)** |

      Defendants Bank of America, N.A. ("Bank of America") and MTC Financial dba Trustee Corps. ("MTC") (collectively "Defendants") have filed motions to dismiss plaintiff Shawn C. Miller's ("Plaintiff") first amended complaint, (Doc. No. 10), in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15, 17.) Upon review of the motions, the Court finds them suitable for determination on the papers and without oral argument pursuant to Local Rule 7.1.d.1. Accordingly, the motion hearing set for May 12, 2016 at 2:00 p.m. in Courtroom 3B is vacated. As set before more fully below, Defendants' unopposed motions to dismiss are **GRANTED**.

///

1

## I.    BACKGROUND

The following facts are taken from Plaintiff's first amended complaint and are accepted as true by the Court for the limited purpose of resolving the instant motions. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

At all relevant times, Plaintiff owned a single-family residence located at 304 Kolmar Street, La Jolla, California ("La Jolla Property"). (Doc. No. 10 ¶ 6.) On June 16, 2005, Plaintiff obtained a subprime loan for $1,300,000 from Bank of America. (*Id.* at ¶ 11.) Defendants prepared written documentation of Plaintiff's income, prepared a uniform residential loan application, and provided Plaintiff with unsigned copies of the application. (*Id.* at ¶ 13.) The loan documents prepared by Defendants erroneously overstated Plaintiff's monthly gross and net income by not accounting for any basic living expenses. (*Id.* at ¶¶ 14, 23.) Due to this error, a fully amortized payment on the loan exceeded Plaintiff's income and repayment of the loan was not feasible. (*Id.* at ¶ 23.) Plaintiff executed the loan documents before a notary public. (*Id.* at ¶ 24.) Upon obtaining the loan, Plaintiff was not advised that the La Jolla Property appraisal had been inflated to secure both a first and second note and deed of trust. (*Id.* at ¶ 28.) Additionally, despite being told he would not be charged prepaid finance charges, Plaintiff was charged excessive fees at the close of escrow. (*Id.* at ¶ 17.)

On December 20, 2007, Defendants provided Plaintiff with an unsigned federal truth in lending disclosure statement, which did not include repayment terms. (*Id.* at ¶ 16.) Plaintiff attempted to negotiate multiple settlement agreements with agents of Bank of America and mailed a loan modification package to Bank of America with a refundable deposit of $65,000. (*Id.* at ¶ 29.) Defendants arbitrarily refused to agree to proposed repayment terms or to negotiate an agreement, and rejected Plaintiff's request for a long-term and affordable loan modification program. (*Id.* at ¶ 30.) On March 26, 2012, Defendants recorded a notice of default and initiated foreclosure proceedings against Plaintiff. (*Id.* at ¶ 31.) Prior to initiating foreclosure proceedings, Defendants failed to provide any loan modifications or loan counseling to Plaintiff. (*Id.*)

On December 2, 2015, Plaintiff filed his original complaint. (Doc. No. 1.) On January 26, 2016, Defendant Bank of America filed a motion to dismiss Plaintiff's complaint, (Doc. No. 4), which was followed by MTC's motion to dismiss on January 27, 2015, (Doc. No. 6). Plaintiff thereafter amended his complaint and the Court denied the motions to dismiss as moot. (*See* Doc. Nos. 8, 9.) After Plaintiff filed a first amended complaint, Defendants again moved to dismiss Plaintiff's claims. (Doc. Nos. 15, 17.) MTC also filed a request for judicial notice. (Doc. No. 17-2.) To date, Plaintiff has not filed an opposition to either pending motion to dismiss.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. V. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. V. Nat'l League of Postmasters,* 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

///

B.  Judicial Notice

Generally, a district court's review on a motion to dismiss is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations and citations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Gailbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," that is "generally known within the territorial jurisdiction of the trial court" or is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts may properly consider judicially noticed facts on a motion to dismiss without converting the motion into one for summary judgment. *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.  DISCUSSION

A.  MTC's Request for Judicial Notice

MTC requests the Court take judicial notice of certain public records relating to Plaintiff's first amended complaint. (Doc. No. 17-2.) The public records include a deed of trust, (Doc. No. 17-2, Exh. A), an assignment of deed of trust, (Doc. 17-2, Exh. B), a corporation assignment of deed of trust/mortgage, (Doc. No. 17-2, Exh. C), a notice of default, (Doc No. 17-2, Exh. D), a substitution of trustee, (Doc. No. 17-2, Exh. E), and a notice of trustee's sale, (Doc. No. 17-2, Exh. F). Plaintiff has not objected to the authenticity of any of the preceding documents, and attaches two of these documents to his first amended complaint. (*See* Doc. 10, Exhs. A, B.) The documents MTC requests judicial notice of are properly recorded documents from the San Diego County Recorder's Office, the authenticity of which cannot reasonably be questioned. Accordingly, the Court may properly consider those documents in ruling on Defendants' motions. MTS's request is therefore **GRANTED**. (Doc. No. 17-2.)

B.     Defendants' Motions to Dismiss

Plaintiff's first amended complaint asserts three causes of action, alleging (1) California's non-judicial foreclosure scheme violates the Due Process Clause of the Fourteenth Amendment; (2) Defendants violated Plaintiff's due process rights by seizing and transferring title to the property without affording Plaintiff adequate notice and an opportunity to be heard; and (3) Bank of America violated Plaintiff's rights under the Equal Protection Clause by discriminating against individuals who have filed for bankruptcy. (*See* Doc. No. 10.) Although not referenced in the first amended complaint, Defendants challenge Plaintiff's causes of action as though brought under 42 U.S.C. § 1983.[1] Defendants contend Plaintiff fails to state a claim because courts have rejected the argument that California's non-judicial foreclosure scheme violates due process. (Doc. Nos. 15-1 at 6; 17-1 at 10.) Similarly, Defendants argue they are not state actors and therefore Plaintiff cannot state a claim under the Fourteenth Amendment. (Doc. Nos. 15-1 at 6–7; 17-1 at 9–13.)

"Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." *Franklin v. Fox*, 312

---

[1] MTC's motion to dismiss argues that Plaintiff incorrectly relies on §§ 1331 and 1343 for jurisdiction, when Plaintiff's claims are more appropriately brought under § 1983. (Doc. No. 17-1 at 8.) Neither Defendant challenges the Court's subject matter jurisdiction over Plaintiff's claims. However, the Court does construe Plaintiff's allegations as an attempt to assert a violation of § 1983. *See Kuder v. Haas*, No. 2:10CV00404, 2010 WL 4983455, at *5 (E.D. Cal. Dec. 2, 2010), *report and recommendation adopted*, No. 2:10CV00404, 2011 WL 346442 (E.D. Cal. Feb. 1, 2011) ("Plaintiff's allegations of violations of his Fourteenth Amendment due process rights as a result of the non-judicial foreclosure and sale of his property necessarily allege a violation 42 U.S.C. § 1983."); *see also Bellinger v. Wells Fargo Bank, N.A.*, No. 1:14CV01076, 2014 WL 6389581, at *4 (E.D. Cal. Nov. 14, 2014) ("Causes of action for purported constitutional violations, as alleged here by Plaintiff, must be brought pursuant to 42 U.S.C. § 1983.").

F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). It is well-settled law that non-judicial foreclosure proceedings do not involve "state action," even though such proceedings are regulated by state law. *See Apao v. Bank of New York*, 324 F.3d 1091 (9th Cir. 2003).

Plaintiff alleges that Defendants, which are private entities, violated his Fourteenth Amendment due process rights by proceeding with non-judicial foreclosure on his property. The Ninth Circuit Court of Appeals has held that a private entity's use of a state's non-judicial foreclosure procedures does not constitute state action sufficient to support a claim of a violation of Fourteenth Amendment due process rights under § 1983. *Id.* at 1095 (holding that private entities' foreclosure and sale of plaintiff's property through use of Hawaii's non-judicial foreclosure sale did not involve state action sufficient to support a claimed violation of Fourteenth Amendment due process rights); *see also Nieves v. World Savings Bank, FSB*, 357 Fed. Appx. 843, 844 (9th Cir. 2009) (holding that the defendant bank did not violate plaintiff's due process rights by proceeding with a non-judicial foreclosure sale of his property).

Thus, courts have rejected the proposition advanced by Plaintiff, namely that a state's non-judicial foreclosure process constitutes state action. *See, e.g.*, *Tran v. Nationstar Mortgage LLC*, No. 5:15CV05126, 2016 WL 1535081, at *3 (N.D. Cal. Apr. 15, 2016) ("It is been held by both the California Supreme Court and the Ninth Circuit Court of Appeals that a state's non-judicial foreclosure process does not constitute state action and does not implicate constitutional due process protections."); *Smiley v. JP Morgan Chase*, No. 14CV01651, 2015 WL 217258, at *4 (N.D. Cal. Jan. 15, 2015) ("In the foreclosure context in California, it is well-settled law that non-judicial foreclosure proceedings do not involve 'state action,' even though such proceedings are regulated by state law.") (internal citation and quotation marks omitted); *Bellinger*, 2014 WL

6389581, at *5 (citing cases for the same proposition). Plaintiff has not alleged that Defendants are state actors, and as Defendants are private entities, cannot satisfy the pleading requirements for a § 1983 claim. Moreover, even if Plaintiff could plausibly allege Defendants were state actors, non-judicial foreclosure does not constitute state action. Accordingly, Plaintiff's claims under the Fourteenth Amendment fail as a matter of law. Defendants' motions to dismiss are **GRANTED**.

### C.   Leave to Amend

Having granted Defendants' motions to dismiss, the Court must consider whether to grant Plaintiff leave to file a second amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure governs leave to amend, and provides that courts should freely give leave to amend when justice so requires. Although generally applied with "extreme liberality," a court need not grant leave to amend when amendment would be futile. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).

Several considerations weigh against granting Plaintiff leave to amend, including that amendment would be futile, Plaintiff's prior opportunity to amend his claims, and Plaintiff's failure to oppose either pending motion. Plaintiff has already amended his complaint once as a matter of course following receipt of Defendants' initial motions to dismiss, which raised identical challenges as those asserted in the instant motions. (*See* Doc. Nos. 4, 6.) Defendants' prior motions afforded Plaintiff notice of the deficiencies in his complaint, which Plaintiff failed to cure through amendment. Additionally, further opportunity for amendment would be futile, as non-judicial foreclosure does not amount to state action and Defendants are private entities. Finally, Plaintiff's non-opposition is notable. Pursuant to Civil Local Rule 7.1.f.3, the failure to file an opposition "may constitute a consent to the granting of a motion or other request for ruling by the court." Civ.L.R. 7.1.f.3. For these reasons, the Court declines to grant Plaintiff leave to amend.

///
///
///

## IV. CONCLUSION

For the above reasons, Defendants' motions to dismiss are **GRANTED WITH PREJUDICE**. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED**.

Dated: April 19, 2016

Hon. Anthony J. Battaglia
United States District Judge